IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS,<br>    Petitioner | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-05-74 |
| | § | |
| DOUG DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE–INSTITUTIONAL DIVISION,<br>    Respondent | §<br>§<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the Eastham Unit in Lovelady, Texas. He was convicted of the offense for which he currently is incarcerated in Nueces County, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on February 11, 2005 (D.E. 1). Petitioner makes the following due process claims in reference to a disciplinary hearing which resulted in the imposition of punishment: (1) The evidence was insufficient to support the findings by the hearing officer; (2) Petitioner's eligibility for parole was affected by the change in his custody status and (3) The grievance investigator should have scheduled a new hearing when the first hearing results were overturned. Respondent filed a motion for summary judgment on June 30, 2005 to which petitioner responded on July 11, 2005 (D.E. 13, 15).

## JURISDICTION

Petitioner was convicted of murder in Nueces County and is serving a 75-year sentence (D.E. 13, Ex. A). He does not complain about his holding conviction, but challenges the results of a disciplinary hearing held while he was incarcerated on the Garza West unit. Because petitioner

was convicted in Nueces County, this court has jurisdiction over his claims. 28 U.S.C. §2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961-63 (5th Cir. 2000).

## BACKGROUND

Petitioner was accused and found guilty of engaging in a fight without a weapon with Keith Stevens Jacobs, another inmate, on May 12, 2004 in disciplinary case 20040259303 (D.E. 15, Disp. Hearing Recs., at 1). The offense report states that an officer saw petitioner and Jacobs on the floor with a tight grip on each other. No punches were thrown and no one was injured. The inmates stopped fighting when they were asked to do so (Id, at 2). Petitioner asserted that Jacobs said petitioner and some others were talking too loud. Jacobs called petitioner over to where he was and when petitioner refused, Jacobs came up to him. Petitioner grabbed him and they fell to the ground. Petitioner said he held onto Jacobs to protect himself (Id. at 9, 11). The hearing officer found petitioner guilty and punished him with a reprimand, the loss of 30 days each of recreation and commissary days and a reduction in line class from S3 to S4. He did not lose any good time (Id. at 1).

Petitioner filed a Step 1 grievance on May 28, 2004 arguing that the evidence was insufficient to support a finding of guilt at the disciplinary hearing. He asked to have his S-3 status restored and to have the case dismissed. On July 16, 2004 R. Ford wrote in reply that the written disciplinary case could not be found so the office was requesting that the case be overturned (D.E. 15, Grievance Recs., at 5-6). On August 30, 2004, after having been transferred to the Eastham unit, petitioner filed another Step 1 grievance, noting that although the disciplinary case had been overturned at the Garza West unit, he had not had his S3 status restored. Petitioner also complained that he had not had his good time restored, although the record does not show that he lost good time (Id. at 7).

On September 16, 2004 the assistant warden responded that petitioner's allegations had merit and that the Garza West Unit Grievance Investigator was going to have the case deleted from his record. Petitioner was advised to allow ample time for the correction to be made and was told that he could contact the office again to see if the case had been removed (Id. at 8).

On November 1, 2004 petitioner filed another Step 1 grievance, once again asking that his S-3 status be restored. He said that his "CRD" was revoked because of the disciplinary action. In response, the assistant warden told petitioner that the disciplinary case had been located and that there appeared to be sufficient evidence to uphold the finding of guilt (Id. at 1-2). Petitioner filed a Step 2 grievance on November 14, 2004, arguing that the hearing results had been overturned and that there was insufficient evidence to support the findings of guilt in the first place. His request for relief was denied on December 6, 2004 (Id. at 3-4).

Respondent concedes that petitioner exhausted his administrative remedies but argues that petitioner is not entitled to habeas corpus relief because he has failed to present a cognizable habeas claim. Petitioner counters that there was insufficient evidence to support a finding of guilt and also that TDCJ-ID violated its own rules by not holding a new hearing after it overturned the first disciplinary conviction.

## APPLICABLE LAW

### A. Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED.R.CIV.P. 56(c). An issue is material if its resolution could affect the outcome of the action. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001). The Court must examine "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  The Court will not weigh the evidence or evaluate the credibility of witnesses. Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  To sustain this burden, the nonmovant cannot rest on the mere allegations of the pleadings. See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Caboni, 278 F.3d at 451; FED.R.CIV.P. 56(e).  After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. Caboni, 278 F.3d at 451.

**B. Due Process Rights**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976)]. Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. (internal citations omitted). The Supreme Court held in Sandin that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin, 515 U.S. at 486, 115 S.Ct. at 2301. Sandin involved an inmate being placed in administrative segregation, a punishment generally considered much harsher than the removal of privileges. The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody. Id.

To the extent petitioner seeks reinstatement of his line class, he has not raised a due process concern. Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on the amount of time he is in custody. Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), cert. denied sub nom. Luken v. Johnson, 116 S.Ct. 1690 (1996). "'Prisoners have no protectable property or liberty interest in custodial classifications.'" Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998)). See also Malchi v. Thaler, 211 F.3d 959 (5th Cir. 2000)(holding that timing of inmate's release is too speculative to afford him a constitutionally

cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating). Accordingly, petitioner is not entitled to habeas corpus relief based on his line class status.

Petitioner also argues that having the disciplinary action on his record has a negative impact on his parole eligibility. However, he fails to state a basis of relief. "In Texas, it is entirely speculative whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole. . . . In fact, we have expressly held that there is no constitutional expectancy of parole in Texas." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Without such an expectation, petitioner is not entitled to due process following the loss of good time credits insofar as the loss affects his eligibility for parole.

## C. Certificate of Appealability

The Supreme Court has stated that the showing necessary for a Certificate of Appealability ("COA") is a substantial showing of the denial of a constitutional right. Hernandez v. Johnson, 231 F.3d 243, 248 (5th Cir. 2000)(citing Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. See Clark v. Johnson, 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack, 529 U.S. at 484. A determination of the merits of a claim should not be part of the decision to issue a COA. Rather, it is the debatability of the underlying

constitutional claim, rather than its resolution, that controls whether a COA should issue.  Miller-El v. Cockrell, 537 U.S. 332, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (D.E. 13) be granted and petitioner's cause of action for habeas corpus relief be dismissed.  It is further recommended that should petitioner seek a Certificate of Appealability, that it be denied.

Respectfully submitted  this 21st day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).